[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de DEFENDANT'S MOTION TO OPEN JUDGMENT and REARGUE POST JUDGMENT
The defendant has filed this motion (138) seeking to have the court reconsider its decision of December 12, 2001 (137). The court ordered reargument which was held on February 21, 2002. The defendant listed 25 items of reasons or grounds for the court to open its decision. During oral argument the defendant withdrew eight of the items. The court has found that there is merit to the following:
 "2. Did the trial court err or abuse its discretion in failing to order an arrearage payment by Plaintiff to Defendant of the portion of Plaintiff's pension from the date of his retirement, Aug. 18, 1998, until May 1, 2000 when payments were first directed to Defendant by the Town of Greenwich? (Memorandum of Decision, page 2)"
The plaintiff retired on an accidental (job related) disability on August 18, 1998. The defendant's share of the plaintiff's pension, awarded to her in the final judgment, is $486.94 monthly, (Plaintiff's CT Page 7158 Exhibit 5). From August, 1998 through April, 2000, a total of 21 months, the plaintiff collected and retained the entire monthly pension payment. The defendant was and is entitled to her share of said pension from the time it went into pay status (Plaintiff's Exhibit 2), a total of $10,225.74.
The court finds that the defendant's share of the pension is a vested property right. The plaintiff was not entitled to deduct from the alimony order a sum equal to the defendant's share of the pension once the Town had allocated the shares of the pension according to the court order. Alimony payments vest when due, Sanchione v. Sanchione, 173 Conn. 397
(1977), subject to retroactivity as permitted by General Statutes §46b-86 (a). The plaintiff served his motion to modify alimony post judgment (129) on the defendant on September 16, 1999. The court denied any retroactivity in its original decision. In light of the foregoing, said order is vacated. The court found that the plaintiff ceased being active in the landscaping business after June, 2000. The court now determines that the plaintiff's circumstances existing after June, 2000 warrant entry of termination of alimony effective as of July 1, 2000.
The remaining issues raised by defendant's motion have been considered by the court and the court has concluded that the original decision is otherwise unchanged except as stated above.
The plaintiff is ordered to pay the defendant $100 weekly until the arrears is paid in full. No interest is awarded.
So Ordered.
HARRIGAN, J.T.R.